# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

**AUSTIN D. ROUSH,**

      **Plaintiff,**                                          Civil Action  No.  2:20-cv-436

      v.                                                    **<u>JURY TRIAL DEMANDED</u>**

**VIRGINIA PENINSULA**
**REGIONAL JAIL AUTHORITY,**

      SERVE:      Col. Roy C. Witham, Superintendent
                          Virginia Peninsula Regional Jail
                          9320 Merrimac Trail
                          Williamsburg, VA 23185

**RICARDO J. MARTINEZ-CORTINES, M.D.,**
**in his individual capacity,**

      SERVE:      Ricardo J. Martinez-Cortines, M.D.
                          Virginia Peninsula Regional Jail
                          9320 Merrimac Trail
                          Williamsburg, VA 23185

**ERICA CARTER**, **in her individual capacity,**

      SERVE:      Erica Carter
                          735 Jouett Drive
                          Newport News, VA 23608

**NURSE 1**,  **in her individual capacity,**

**NURSE 2**,  **in her individual capacity,**

**and,**

**NURSE 3**,  **in her individual capacity,**

            **Defendants.**

1

# COMPLAINT

COMES NOW the plaintiff, Austin D. Roush ("Plaintiff," "Roush"), by counsel, and alleges as follows against the defendants, Virginia Peninsula Regional Jail Authority ("VPRJA"), Ricardo J. Martinez-Cortines, M.D. ("Martinez"), Erica Carter ("Carter"), Nurse 1, Nurse 2, and Nurse 3, collectively ("Defendants").

## Parties

1. Plaintiff is an individual and resident of Williamsburg, Virginia. During the events alleged herein he was a prisoner in the Virginia Peninsula Regional Jail ("VPRJ").

2. VPRJA is an "Authority" created pursuant to Va. Code § 53.1-95.2 and operated by the York-Poquoson Sheriff, James City County, York County, the City of Williamsburg, and the City of Poquoson. The Authority owns and operates the Virginia Peninsula Regional Jail ("VPRJ") located in Williamsburg, Virginia.

3. Martinez is a natural citizen and a resident of Virginia and doctor responsible for treating prisoners at the Virginia Peninsula Regional Jail at all times pertinent hereto, whose duty was to provide reasonable and necessary medical care for inmates at VPRJ, including Plaintiff, and is being sued in his individual capacity.

4. At all times herein the defendant Carter was a nurse in charge of the medical department of VPRJ with authority to grant or deny prisoner requests for medical care.

5. Nurses 1, 2 and 3 are nurses who work in the VPRJ medical department at all times pertinent herein.

## Jurisdiction

6. This action arises under the provisions of the Fourteenth and Eighth Amendments

to the Constitution of the United States and 42 U.S.C. § 1983.

7. This Court has jurisdiction over this cause under the provisions of Title 28 of the United States Code, §§ 1331 and 1343. The asserted rights and interest of the plaintiff exceed $75,000, exclusive of interest and costs. This action arose out of events occurring in the City of Williamsburg in the Commonwealth of Virginia.

**Facts**

8. Plaintiff was committed to the custody of the superintendent of the Virginia Peninsula Regional Jail on August 22, 2018 and held until October 4, 2018.

9. On September 7, 2018, Plaintiff was assaulted by another inmate in VPRJ and sustained serious injuries to his right shoulder, namely, a dislocated right shoulder, urgently requiring immediate medical attention to avoid excruciating pain and permanent disability.

10. Plaintiff immediately and repeatedly stated to Defendant Carter, Nurses 1, 2, and 3 and various VPRJ guards that his right shoulder was injured and required medical care including MRI, diagnosis, and treatment at a hospital. Plaintiff's request for an MRI was relayed to Martinez who directed that it not be provided. Defendants Carter and Martinez personally refused to provide Plaintiff with any care at all for his dislocated right shoulder.

11. After initially requesting and being refused treatment on September 7, Plaintiff subsequently requested and was refused treatment for his right shoulder on numerous subsequent occasions including but not limited to September 16, 18, 19, 21-23, and 25, and October 1, 2018, communicated through VPRJA Health Service Request Form/Sick Call Slips, Inmate Request Forms, and Grievance Forms. Said refusals made it impossible for Plaintiff to receive urgently needed medical care for his right shoulder until being discharged on October 4, 2018.

Defendants unlawfully discontinued certain medications Plaintiff had been prescribed before Plaintiff was incarcerated, compounding Plaintiff's shoulder injuries.

12. Plaintiff then immediately obtained, on his own, delayed diagnosis and treatment on October 5, 2018 and has received follow-up care until the present. Defendants' joint and several refusal to provide requested medical care from September 7, 2018 through October 4, 2018 caused severe injury, pain, suffering, and permanent disability.

## COUNT I

### Denial of Federal Rights Under Color of State Law, 42 U.S.C. § 1983, in Violation of the Fourteenth and Eighth Amendments

13. Plaintiff incorporates into this Count all allegations stated elsewhere in this Complaint as though fully stated herein.

14. At all times relevant to the allegations in this Complaint, the defendants acted or failed to act under color of state law, so as to deny Roush needed medical care in contradiction of the Fourteenth and Eighth Amendments to the U.S. Constitution.

15. The Fourteenth and Eighth Amendments to the U.S. Constitution provide to jail prisoners in the custody of the state and its political subdivisions constitutionally protected rights to receive appropriate medical care.

16. Defendants deliberately disregarded Roush's medical needs; deliberately withheld necessary medical care; and failed to provide necessary medical care.

17. Defendants engaged in this injurious conduct with deliberate indifference to Roush's health and safety, thereby placing Roush at substantial risk of serious harm.

18. In their professional conduct as Roush's treating physician and nurse, Defendants Martinez and Carter denied medical treatment to Plaintiff's broken and dislocated shoulder,

substantially departing from the accepted standards of the medical profession such that no professional judgment was provided to Plaintiff.

19. At numerous times throughout the course of his detention, the defendants were informed or aware that serious medical needs were not being met; accordingly, the defendants also had actual or constructive knowledge that Roush's constitutional rights were being violated.

20. The defendants deliberately disregarded Roush's medical needs.

21. The acts or omissions of the defendants were conducted within the scope of their official duties and employment.

22. The defendants's conduct violated clearly established statutory and constitutional rights of which a reasonable person would have known.

23. The defendants' aforesaid actions and omissions constitute a willful, wanton, reckless, and conscious disregard of Roush's rights, by reason of which Plaintiff is entitled to recover punitive damages.

24. The defendants' violations of the Fourteenth and Eighth Amendments to the U.S. Constitution establish a cause of action, pursuant to 42 U.S.C. § 1983, for monetary relief consisting of compensatory damages and punitive damages, attorney's fees and costs.

25. By unreasonably denying medical care as aforesaid, the defendants exhibited deliberate indifference to a serious medical need in violation of the prohibition against cruel and unusual punishment by the Eighth Amendment of the United States Constitution. Plaintiff's medical need was so serious as to be obvious to a lay person that Plaintiff needed a doctor's attention and that delay in treatment would result in further significant injury and unnecessary and wanton infliction of pain. The defendants knew of and disregarded excessive risk to the

health of Plaintiff. The delay in treatment caused a marked exacerbation of Plaintiff's injury, pain, and caused permanent disability.

26. As a direct and proximate result thereof, Plaintiff suffered, and will for the rest of his life suffer, damages including physical injury, disability, mental anguish, and pain and suffering.

27. Plaintiff has incurred and continues to incur attorneys' fees and other costs related to this action.

## COUNT II

### Negligence

28. Plaintiff incorporates into this Count all of the allegations stated elsewhere in this Complaint as though fully stated herein.

29. Each defendant had a "special relationship" with Plaintiff by virtue of his status as a prisoner at VPRJ, which special relationship gave rise to a duty imposed on them to make necessary reasonably available medical care available to Plaintiff.

30. All Defendants, thus, owed a duty to Plaintiff to act with reasonable care to make reasonably necessary medical care available to Plaintiff for any serious medical condition. At all times, Defendants knew or should have known Plaintiff had health insurance available to pay for such care, because he repeatedly informed them of that fact.

31. By refusing, despite repeated requests, to make such care available, Defendants breached said duties and, as a proximate result thereof, Plaintiff has suffered, and will in the future suffer, the damages described above.

WHEREFORE, Plaintiff demands judgment with interest from September 7, 2018, against Defendants Virginia Peninsula Regional Jail Authority, Ricardo J. Martinez-Martinez, M.D., Erica Carter, Nurse 1, Nurse 2, and Nurse 3, jointly and severally, in an amount to be determined by the Court for compensatory and punitive damages, together with interest from September 7, 2018, as well as costs and reasonable attorney's fees.

                                                  Respectfully Submitted,

                                                  AUSTIN D. ROUSH

                                                  By:  /s/ Jeremiah A. Denton III
                                                 Of Counsel

Jeremiah A. Denton III, Esq. (VSB #19191)
Jeremiah A. Denton IV, Esq. (VSB #83818)
Jeremiah A. Denton III, P.C.
3300 South Building, Suite 208
397 Little Neck Road
Virginia Beach, VA 23452
Tel: 757/340-3232
Fax: 757/340-4505
jerry@jeremiahdenton.com
jake@jeremiahdenton.com